The Honorable Dan Greenberg State Representative 55 Fontenay Circle Little Rock, AR 72223-9569
Dear Representative Greenberg:
I am writing in response to your request for my opinion on the following questions:
 1. Can a county judge rely on Arkansas Code § 8-6-704 as his authority for having a county's solid waste management district solicit bids for trash pick-up in the county?
 2. Does Arkansas Code Title 8, Chapter 6, Subchapter 7 authorize a solid waste management district to collect trash for cities or counties located in the district?
 3. Does Arkansas Code Title 8, Chapter 6, Subchapter 7 authorize a solid waste management district to facilitate the county in securing contracts for cities and counties?
 4. Is it lawful for a separate entity from the county, such as the county solid waste management district, to solicit bids for the county's trash collection service?
 RESPONSE
 In my opinion, the answer to all four of your questions is "yes." *Page 2 
Question 1: Can a county judge rely on Arkansas Code § 8-6-704 as hisauthority for having a county's solid waste management district solicitbids for trash pick-up in the county?
In my opinion, based upon A.C.A. §§ 8-6-704,-710 and-711, the answer to this question is "yes," although I consider mistaken any suggestion in your question that a district's solicitation of bids might be at the county judge's behest. Subject to the qualified supervision of the Arkansas Department of Environmental Quality, a district board may operate autonomously within its geographical area. The "authority" of a district board to solicit bids thus resides in itself, not in the county judge, although the county judge might serve on the board if he chooses to do so. A.C.A. § 8-68-704(b)(2).
Title 8, chapter 6, subchapter 7 of the Arkansas Code (Repl. 2000 Supp. 2005) deals with regional solid waste management districts and boards. Section 8-6-704 (Supp. 2005), which you reference in your question, sets forth the powers and duties of a district's board. Among the regional board's powers is the following:
 To collect data, study, and initially evaluate the solid waste management needs of all localities within their districts, as provided in § 8-6-716, and to publish their findings as a regional needs assessment[.]
A.C.A. § 8 — 6-704(1). Subsection 8-6-716(a) (Repl. 2000) provides for the approval or disapproval of these needs assessments by the Arkansas Department of Environmental Quality every four years. With respect to the relative authority of a regional board and local officials in implementing a regional needs assessment, A.C.A. § 8-6-710 (Repl. 2000) provides as follows:
 (a)(1) Each regional solid waste management board shall be the governmental entity primarily responsible for providing a solid waste management system for the district.
 (2) The counties and municipalities shall continue to be responsible for solid waste management services within their corporate boundaries until the regional solid waste management board *Page 3 
determines in writing that the district is able to assume the solid waste management responsibilities of the municipality or county.
 (b) Counties and municipalities in a district may provide a portion of the solid waste management services, such as solid waste pickup, while the board provides other services and has assumed responsibility therefor, such as disposal facilities, in which event, the counties and municipalities shall retain only the responsibility for the system related to the services provided. In performing those retained responsibilities or assisting the board in performing its responsibilities, counties and municipalities shall retain all present legal powers and authority related to those responsibilities, including, but not limited to, power and authority to levy and collect fees and charges. Counties and municipalities may provide additional solid waste management services in excess of those provided by the district at their own expense so long as such services conform to the district solid waste management plan.
Subsection 8-6-711(a) (Repl. 2000) further provides:
 A district is authorized to own, acquire, construct, reconstruct, extend, equip, improve, operate, maintain, sell, lease, contract concerning, or otherwise deal in facilities of any nature necessary or desirable for the control, collection, removal, reduction, disposal, treatment, or other handling of solid waste.
 Finally, subject to oversight by the Department of Environmental Quality, A.C.A. § 8-6-712 (Repl. 2000) affords a district board virtually complete control over whether the district or the county will provide solid waste management services within the geographical boundaries of the district. In my opinion, the statutes just referenced clearly locate in the district board, subject to oversight by the Arkansas Department of Environmental Quality, as much control over solid waste management services as it wishes to exercise. See Ark. Op. Att'y Gen. No. 91-316
(opining that a district board's determination to assume authority for solid waste *Page 4 
management responsibilities pursuant to A.C.A. § 8-6-710 would affect local authority in this area).[1]
Specifically with respect to your question regarding the solicitation of bids, the crucial statutory provision is A.C.A. § 8-6-704(c), which provides:
 The regional solid waste management boards shall adopt county purchasing procedures, as provided in § 14-22-101 et seq., as the approved purchasing procedures for the districts.
Within the referenced statutory scheme, A.C.A. § 14-22-111(a) (Repl. 1988) provides:
 All contracts shall be awarded to the lowest responsible bidder, taking into consideration all relevant facts, including, without limitation, quality, time of performance, probability of performance, and location.
This bidding requirement applies only to contracts exceeding $ 15,000.00 in value. A.C.A. § 14-22-102 (Supp. 2005).
The bidding requirement referenced in this statute applies only to the purchase of "commodities" as defined in A.C.A. § 14-22-101(2) (Supp. 2005), which provides:
 "Commodities" means all supplies, goods, material, equipment, machinery, facilities, personal property, and services other than personal services, purchased for or on behalf of the county[.]
A contract for trash pickup in the county is clearly one for services, raising the question of whether such a contract is one for "personal services," thus exempting it from the bidding requirement set forth at A.C.A. § 14-22-111(a). In Ark. Op. Att'y Gen. No. 99-136, one of my predecessors offered the following with respect to the meaning of "personal services": *Page 5 
 Although the term "personal services" is not defined in the statute, the Attorney General has consistently adhered to the view, based upon generally recognized authority, that "personal services" are those services that require special skill, experience, or business judgment. See, e.g., Ops. Att'y Gen. Nos. 1994-286; 93-412; 91-308; 90-037; 90-030.
In accordance with this definition, my predecessor concluded that a park caretaker was providing a "personal service" and hence did not fall within the ambit of the statute. See also Ark. Ops. Att'y Gen. Nos.2003-061, 93-412 and 90-037 (all opining that a county property appraiser was providing a "personal service"); 90-030 (opining that debt collection was a "personal service"); compare Ark. Op. Att'y Gen. No.94-286 (opining that providing meals to prisoners was not a "personal service").
Specifically with respect to the provision of solid waste management services, one of my predecessors offered the following analysis in Ark. Op. Att'y Gen. No. 96-283:
 In A.C.A. § 8-6-712, the legislature gave regional solid waste management district boards significant control over the provision of solid waste management services. For example, among other powers, regional boards can prohibit the collection of solid waste by persons not properly licensed by the district, A.C.A. § 8-6-712(a)(2), and can designate the project to which solid waste is delivered for disposal, treatment, or other handling. A.C.A. § 8-6-712(a)(1).
 However, if the county, rather than the regional district, is to enter into the contract for collection service, it must, within the parameters of these powers of the board, nevertheless comply with county purchasing procedures as set forth in A.C.A. § 14-22-101 et seq. These statutes require that counties obtain bids for purchases of "commodities" the estimated purchase price of which will equal or exceed $ 10,000.00[2] A.C.A. § 14-22-102; A.C.A. § 14-22-104(1). The term "commodities" as used in this statute is defined to include *Page 6 
"services other than personal services." A.C.A. § 14-22-101(2). Solid waste collection is clearly a service within the meaning of this statute. I therefore conclude that if the contract for solid waste collection service is estimated to exceed $ 10,000.00, the county must obtain bids for such contracts, but must also comply with any direction of the regional solid waste management board that is given pursuant to A.C.A. § 8-6-712.
Accord Ark. Op. Att'y Gen. No. 93-418. I agree with my predecessor's conclusion that waste management services are not "personal services" exempt from the bidding requirement set forth at A.C.A. § 14-22-111(a). However, in the wake of the enactment of A.C.A. § 8-6-704(c),see Acts. 1995, No. 193, § 1, I question the ongoing accuracy of my predecessor's suggestion that the purchasing procedures set forth in A.C.A. § 14-22-101 et seq. will apply only if the county, as opposed to the district, contracts for collection services. As noted above, A.C.A. § 8-6-704(c) obligates a district to adopt county purchasing procedures as the district's own "approved purchasing procedures." In my opinion, it follows that the district can contract for waste management services in its own name and will be obliged to obtain competitive bids if the value of the contract exceeds $ 15,000.00.
Question 2: Does Arkansas Code Title 8, Chapter 6, Subchapter 7authorize a solid waste management district to collect trash for citiesor counties located in the district?
In my opinion, the answer to this question is "yes," subject to the qualification that a municipality may continue to collect trash and dispose of it in a landfill with an expected capacity extending 25 years from January 1, 1991. A.C.A. § 8-6-712(c)(2). As previously noted, a district board may further allow localities within the district to retain certain responsibilities with respect to waste management. I offer this opinion based upon the statutes discussed in my response to your first question, which in effect afford a solid waste management district as much control over collections as it wishes to shoulder, subject only to the qualifications just stated.
Question 3: Does Arkansas Code Title 8, Chapter 6, Subchapter 7authorize a solid waste management district to facilitate the county insecuring contracts for cities and counties? *Page 7 
If by "facilitate" you mean "assist," I believe the answer to your question is "yes" with respect to county collection services. I believe the district board could likewise assist cities in securing collection and disposal contracts of the sort referenced in your question.
As reflected in my response to your first question, A.C.A. § 8-6-710
clearly envisions that a district board will either completely take over waste management services within the district, subject to various possible exceptions set forth at A.C.A. § 8-6-712, or cooperate with cities and counties in providing waste management services. Subsection8-6-704(3) further authorizes district boards "[t]o formulate recommendations to all local governments within their districts on solid waste management issues and to formulate plans for providing adequate solid waste management." In my opinion, these grants of authority would include providing assistance of the sort contemplated in your question.
Question 4: Is it lawful for a separate entity from the county, suchas the county solid waste management district, to solicit bids for thecounty's trash collection service?
In my opinion, "yes." See response to question 1.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
[1] Section 8-6-704 was initially enacted pursuant to Acts 1989, No. 870, § 4. The relative powers of local and district authorities were not entirely clear under this legislation. Sections 8-6-710,-711 and-712, which significantly expanded the authority of district boards, were enacted pursuant to Acts 1991, No. 752, § 2, as were A.C.A. §8-6-704(a)(11), which authorizes a district board to contract directly for the provision of waste management services, and A.C.A. §8-6-704(b)(1), which authorizes a district board to apply for the authorization directly to operate a waste management system.
[2] As previously noted, this dollar amount has been increased to $ 15,000.00 since the issuance of my predecessor's opinion. See
Acts 2003, No. 209, § 1.